William O. FAYLOR and Kathryn Faylor, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14722.

United States Court of Appeals Third Circuit.

Argued June 2, 1964.

Decided June 17, 1964.

whether the mineral produced by the taxpayers' quarry during the taxable year 1953 qualifies for a 15 per cent depletion allowance as "chemical grade limestone", or merely qualifies as "calcium carbonates" for which a 10 per cent depletion allowance is authorized. See section 114(b) (4) (A) of the 1939 Internal Revenue Code. The Tax Court applied the 10 per cent depletion rate and the taxpayers have appealed.

The taxpayers' limestone was suitable for use in agriculture to neutralize the acidity of soil, and much of it was so used. Such soil conditioning involves and depends upon a chemical reaction between the limestone and other substances in the soil. Here, as in the Lehigh Portland Cement case, the taxpayers' argument is that suitability for a use in which limestone reacts chemically with some other substance makes taxpayers' mineral "chemical grade limestone". We rejected that argument in the Lehigh case and we reject it here.

We think it is clear from the legislative history discussed in our Lehigh opinion that Congress used the phrase "chemical grade limestone" to identify an unusually pure grade of limestone with very high carbonate content and very little of such impurities as silica, alumina and sulphur. Moreover, it was repeatedly pointed out during the legislative hearings that agricultural limestone is of the ordinary, relatively impure grade. For example, the following colloquy occurred between Congressman Jenkins and an industry witness:

"MR. JENKINS: What is the grade of limestone that is used in farming * * * ?

"MR. DICKEY: It is the more common type of limestone, and the amount of silica in it doesn't make any difference."

3 House Hearings, Revenue Revision of 1951, 1569.

There also was uncontradicted testimony that the presence of more than 5% of impurities would prevent limestone from qualifying as "chemical grade". On this

Norman A. Peil, Jr., Easton, Pa., for petitioners.

Michael A. Mulroney, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and HASTIE and GANEY, Circuit Judges.

PER CURIAM.

The decisive question here, as in Lehigh Portland Cement Co. v. United States, 3 Cir., 334 F.2d 469, a similar case decided today by this court, is

appeal, the taxpayers do not challenge the Tax Court's finding that the "results of various analyses made of the limestone (from taxpayers' quarry) indicate a range of from 79.27 per cent to 89.02 per cent calcium carbonate content, with an average of 84.38 per cent. In terms of combined carbonate content, the range was from 83.98 per cent to 93.6 per cent and the average was 88.3 per cent." Thus, taxpayers' limestone contains more than 10 per cent of impurities and has not been shown to qualify as "chemical grade limestone".

The decision of the Tax Court will be affirmed.